10-08/GMV & 11-08/GMV
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
A.P. MOLLER – MAERSK A/S
80 Pine Street
New York, New York 10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Gina M. Venezia, Esq. (GV1551)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENORAH INSURANCE CO. LTD. a/s/o NILIT LTD.<br><br>Plaintiff<br><br>- against -<br><br>A.P. MOLLER-MAERSK A/S trading as MAERSK LINE<br><br>Defendant. | 07-cv-11090 (HB)<br><br>**DEFENDANT'S**<br>**ANSWER TO COMPLAINT** |

Defendant A.P. MOLLER – MAERSK A/S ("Maersk") by its attorneys, Freehill, Hogan & Mahar, LLP, answering Plaintiff's Complaint, allege upon information and belief as follows:

1.　Admits.

2.　Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint.

3.　Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint.

4.　Admits that Defendant Maersk is a business entity organized under the laws of a foreign country; was engaged in the business of common carriage of merchandise by water for hire; and owned, operated or chartered the M/V NEDLLOYD COLOMBO and the M/V

MAERSK MARYLAND, but except as so specifically admitted, Defendant denies the remaining allegations of Paragraph 4.

5. Admits that Maersk issued bill of lading number 85122643A for the carriage of a container of cargo said to contain "1 package, 119 cartons" of polyamide yarns from Haifa to Newport News, in consideration of certain freight charges and subject to the terms and conditions of the aforementioned bill of lading. Maersk denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5 of the Complaint.

6. Denied.

7. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint.

8. Maersk repeats and re-alleges all denials, admissions and denials for lack of sufficient knowledge or information contained in paragraphs 1-4 herein, as if set forth fully at length herein.

9. Admits that Maersk issued bill of lading number 851524407A for the carriage of a container of cargo said to contain "49 cartons" of polyamide yarns from Haifa to Newport News, in consideration of certain freight charges and subject to the terms and conditions of the aforementioned bill of lading. Maersk denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9 of the Complaint.

10. Denied.

11. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint.

12. Defendant denies all allegations of the Complaint not heretofore specifically admitted.

13. Defendant denies the allegations of Plaintiff's prayer.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against the Defendant upon which relief can be granted.

2. The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff is not the real party in interest or proper plaintiff to assert the claims set forth in the Complaint.

4. The shipments described in the Complaint were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs, charters, and/or service contracts by which the shipper, owner, consignee and holders of said bills of lading are bound. Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which the Defendant is not liable by virtue of the terms of any such applicable dock receipts, bills of lading, tariffs, charters, and/or service contracts and the Defendant is entitled to any and all defenses and rights provided for in same.

5. The shipments described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes

for which the Defendant is not liable by virtue of the terms of the aforementioned law and/or legislation.

6. Any loss or damage to the goods as alleged in the Complaint was caused by or contributed to by Plaintiff and/or other third-parties, and not by the Defendant.

7. The liability of the Defendant, if any and which is specifically denied, is limited by the applicable dock receipts, bills of lading, tariffs, charters, service contract, and/or U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other basis.

8. Any loss or damage to the cargoes as alleged in the Complaint arose without the Defendant's actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, the Defendant cannot have any liability for such loss or damage.

9. Plaintiff has failed to mitigate its damages.

10. Defendant reserves the right to amend this Answer if and once additional information is obtained through discovery.

W H E R E F O R E , Defendant respectfully requests that the Complaint be dismissed with prejudice and Defendant be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action, and that Defendant be granted such other and different relief as the Court may deem just and proper.

Dated: New York, New York
February 13, 2008

*(signature)*

Gina M. Venezia (GV1551)
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, New York 10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Attorneys for Defendant
A.P. MOLLER – MAERSK A/S

## CERTIFICATE OF SERVICE

I, GINA M. VENEZIA, certify that I am counsel of record for Defendant Maersk. On February 14, 2008, the within Answer to Plaintiff's Complaint was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Additionally, I served by email a true and correct copy of same upon the following counsel:

James P. Krauzlis
BADIAK & WILL, LLP
106 Third Street
Mineola, New York 11501-4404
Ref: 07-Q-002-JPK and 07-Q-002-JPK
Attorneys for Plaintiff

*(signature)*
Gina M. Venezia

Dated: 2/14/08