10-08/GMV & 11-08/GMV
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
A.P. MOLLER – MAERSK A/S
80 Pine Street
New York, New York 10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Gina M. Venezia, Esq. (GV1551)



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENORAH INSURANCE CO. LTD. a/s/o NILIT LTD.<br><br>Plaintiff<br><br>- against -<br><br>A.P. MOLLER-MAERSK A/S trading as MAERSK LINE<br><br>Defendant. | **07-cv-11090 (HB)**<br><br>**THIRD-PARTY COMPLAINT** |
| A.P. MOLLER-MAERSK A/S trading as MAERSK LINE<br><br>Third-Party Plaintiff<br><br>- against -<br><br>U.S. SERVICES, LLC and UNIVERSITY CORPORATION.<br><br>Third-Party Defendants. | |

Defendant A.P. Moller-Maersk A/S ("Maersk"), pursuant to Federal Rules of Civil Procedure 14(a) and 14(c), alleges upon information and belief against Third-Party Defendant U.S. Services, LLC ("U.S. Services") and Third-Party Defendant University Corp. ("University") as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule 14(c) of the Federal Rules of Civil Procedure, and this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. This Court has also supplemental jurisdiction pursuant to 28 U.S.C. §1367. Finally, diversity jurisdiction exists with respect to the claim against Third-Party Defendant U.S. Services, as there is diversity of citizenship between the relevant parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

### THE PARTIES & PLEADINGS FILED HEREIN

2.      Plaintiff Menorah Insurance Co. Ltd. as the subrogated underwriter of Nilit Ltd. commenced the subject action in the United States District Court for the Southern District of New York by filing a Complaint on December 7, 2007, against Third-Party Plaintiff Maersk. A copy of this Complaint is annexed hereto as **Exhibit A**.

3.      Third-Party Plaintiff Maersk was and is a corporation organized and existing pursuant to the laws of a foreign country which operates as a common carrier of merchandise by water for hire under the trade name "Maersk Line".

4.      This Third-Party Complaint is filed within ten (10) days of the filing of Maersk's Answer to the Plaintiff's Complaint, and as such, can be filed without leave of Court. Attached hereto as **Exhibit B** is a copy of Maersk's Answer to Plaintiff's Complaint and attached as **Exhibit C** is a copy of the Court's scheduling order.

5.      Third-Party Defendant U.S. Services was and still is a limited liability company duly organized and existing pursuant to the laws of Florida with an address at 351 East State Road 434, Winter Springs, Florida 32708. At all times material hereto, Third-Party Defendant U.S. Services was and still is in the business of, *inter alia,* providing interstate commercial trucking services.

6.    Upon information and belief, Third-Party Defendant University was and still is a corporation duly organized and existing pursuant to the laws of one of the states of the United States with an address at 3789 Groveport Rd., Columbus, Ohio 43207. At all times material hereto, Third-Party Defendant University was and still is in the business of, *inter alia,* providing interstate commercial trucking services.

### FIRST CAUSE OF ACTION:
### THIRD-PARTY CLAIM AGAINST U.S. SERVICES

7.    The subject matter of Plaintiff's Complaint herein relates to a claim for alleged damage relating to the carriage of a cargo of yarn in container MSKU 8657907 from Haifa, Israel, to Newport News, Virginia, for eventual delivery to Madison, North Carolina, in or about July 2006.

8.    Pursuant to a contractual arrangement between Maersk and/or its agents, successors, parents, or assigns, on the one hand, and Third-Party Defendant U.S. Services, U.S. Services agreed to provide truck transportation services and carriage and delivery of the subject containerized shipment from Newport News, Virginia, to North Carolina.

9.    In or about July 2006, Maersk delivered to U.S. Services the containerized shipment for transport to the ultimate destination at North Carolina which forms the subject matter of the Plaintiff's Complaint with respect to container MSKU 8657907.

10.    U.S. Services breached its obligations under the above-referenced contract and/or was negligent in its care, custody and handling of the subject shipment, all of which was the proximate cause of the alleged loss sustained by the Plaintiff in the Complaint.

11.    If the Plaintiff suffered any loss or damage as alleged in the Complaint, then the said loss or damage was caused by or contributed to by the fault, negligence, carelessness, omission, breach of contract, breach of duty and/or breach of warranty (express or implied) on

the part of U.S. Services, its agents, servants and/or representatives in its performance of its duties as trucker and custodian of the subject cargo while the subject cargo was in its care, custody and/or control.

12.    As a consequence of the foregoing, if there is any liability on the part of Maersk to the Plaintiff for the damages alleged in the Complaint in relation to container MSKU 8657907, U.S. Services is liable to Maersk for indemnity and/or contribution, plus costs and attorney's fees, and/or is directly liable to the Plaintiff.

## SECOND CAUSE OF ACTION:
### THIRD-PARTY CLAIM AGAINST UNIVERSITY

13.    Third-Party Plaintiff repeats and re-alleges paragraphs 1-6, as if re-stated herein.

14.    The subject matter of Plaintiff's Complaint herein also relates to a claim for alleged damage relating to the carriage of a cargo of yarn in container KNLU 5134934 from Haifa, Israel, to Newport News, Virginia, for eventual delivery to Greensboro, North Carolina, in or about July 2006.

15.    Pursuant to a contractual arrangement between Maersk and/or its agents, successors, parents, or assigns, on the one hand, and Third-Party Defendant University, University agreed to provide truck transportation services and carriage and delivery of the subject containerized shipment from Newport News, Virginia, to North Carolina.

16.    In or about July 2006, Maersk delivered to University the containerized shipment for transport to the ultimate destination at North Carolina, which forms the subject matter of the Plaintiff's Complaint with respect to container KNLU 5134934.

17.    University breached its obligations under the above-referenced contract and/or was negligent in its care, custody and handling of the subject shipment, all of which was the proximate cause of the alleged loss sustained by the Plaintiff in the Complaint.

18.     If the Plaintiff suffered any loss or damage as alleged in the Complaint, then the said loss or damage was caused by or contributed to by the fault, negligence, carelessness, omission, breach of contract, breach of duty and/or breach of warranty (express or implied) on the part of University, its agents, servants and/or representatives in its performance of its duties as trucker and custodian of the subject cargo while the subject cargo was in its care, custody and/or control.

19.     As a consequence of the foregoing, if there is any liability on the part of Maersk to the Plaintiff for the damages alleged in the Complaint in relation to container KNLU 5134934, University is liable to Maersk for indemnity and/or contribution, plus costs and attorney's fees, and/or is directly liable to the Plaintiff.

**WHEREFORE**, Third-Party Plaintiff Maersk prays that:

(a)     Process in due form of law may issue against Third-Party Defendants U.S. Services and University citing each to appear and answer the matters set forth above and in the Complaint of the Plaintiff, pursuant to Federal Rule of Civil Procedure 14(a) and 14(c), failing which a default will be entered against them;

(b)     Judgment be granted in favor of Plaintiff directly against Third-Party Defendant U.S. Services pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the matters and things alleged in the Complaint with respect to container MSKU 8657907, should Plaintiff prove its entitlement to recovery, and Third-Party Plaintiff Maersk be granted indemnity and/or contribution from Third-Party Defendant U.S. Services for any and all amounts which Third-Party Plaintiff may be found liable to the Plaintiff; plus costs and attorney's fees incurred in this action;

(c)    Judgment be granted in favor of Plaintiff directly against Third-Party Defendant University pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the matters and things alleged in the Complaint with respect to container KNLU 5134934, should Plaintiff prove its entitlement to recovery, and Third-Party Plaintiff Maersk be granted indemnity and/or contribution from Third-Party Defendant University for any and all amounts which Third-Party Plaintiff may be found liable to the Plaintiff, plus costs and attorney's fees incurred in this action;

(d)    Third-Party Plaintiff Maersk be awarded all of its costs and attorney's fees in connection with the filing and prosecution of its Third-Party Complaint; and

(e)    Third-Party Plaintiff Maersk have such further and different relief as this Court may deem just and proper in the premises including but not limited to recovery of its costs, attorney's fees and disbursements incurred in defending the action of the Plaintiff.

Dated: New York, New York
      February 14, 2008

Gina M. Venezia (GV1551)
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, New York  10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Attorneys for Defendant
A.P. MOLLER – MAERSK A/S

Civil Action: 07-cv-11090

# Exhibit A

# To

# Third-Party Complaint

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-Q-002-JK and 07-Q-003-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BAER**

------------------------------------------------------------x

MENORAH INSURANCE CO. LTD. a/s/o Nilit Ltd.,

              Plaintiff,

     - against -

A.P. MOLLER-MAERSK A/S trading as Maersk Line,

              Defendant.

------------------------------------------------------------x

**07 CV 1109(**

07 Civ. (    )

**COMPLAINT**

RECEIVED
DEC 07 2007
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff, MENORAH INSURANCE CO. LTD., by their attorneys, Badiak, & Will,

LLP, as and for their Complaint herein against the defendant, alleges upon information and belief

as follows:

       1.  All and singular the following premises are true and constitute an admiralty or

maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within

the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

       2.  Plaintiff, Menorah Insurance Co. Ltd. (hereinafter referred to as "Menorah"),

is and was at all times hereinafter mentioned a corporation organized and existing under and by

virtue of the laws of a foreign state and provided all-risk cargo insurance for the subject shipments

hereinafter described, and maintained an office c/o World to World Services, P.O. Box 402, Franklin Square, New York 11010-0402.

3. Plaintiff Menorah has paid the consignees and owners of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, A.P. Moller-Maersk A/S trading as Maersk Line, (hereinafter "Maersk"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Maersk, Inc., Giralda Farms, Madison Avenue, Madison, New Jersey 07940, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. NEDLLOYD COLOMBO and the M.V. MAERSK MARYLAND as general vessels engaged in the common carriage of merchandise by water for hire between, among others, the ports of Haifa, Israel, and the port of Newport News, Virginia.

## AS AND FOR ITS FIRST CAUSE OF ACTION

5. On or before June 13, 2006, there was shipped by Nilit, Ltd., as shipper and the plaintiff's insured, and delivered to Maersk and the M.V. NEDLLOYD COLOMBO, at Haifa, Israel, as common carriers, a shipment consisting of 119 cartons of polyamide yarns shipped in

ocean shipping container KNLU 513493-4, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Port of Newport News, Virginia, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Nilit America Corp., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant Maersk numbered 85122643A, dated on or about June 13, 2006.

6. Thereafter the defendant made delivery of the aforementioned shipment but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $49,122.01.

## AS AND FOR ITS SECOND CAUSE OF ACTION

8. Plaintiff repeats and re-alleges herein the allegations contained in paragraphs numbered "1." through "4.", inclusive, as if set forth fully at length herein.

9. On or before June 16, 2006, there was shipped by Nilit Ltd., and S.N. Fibers, Ltd., as shippers and plaintiff's assureds, and delivered to Maersk and the M.V. MAERSK MARYLAND, at Haifa, Israel, as common carriers, a shipment consisting of 42 cartons of

polyamide yarns shipped in ocean shipping container number MSKU 865790-7, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Port of Newport News, Virginia, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Unifi, Ltd., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant Maersk numbered 85152407A, dated on or about June 16, 2006.

10. Thereafter the defendant made delivery of the aforementioned shipment ex the vessel MAERSK MARYLAND, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

11.    By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $79,798.28.

WHEREFORE, plaintiff prays:

1.    That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2.      That if defendant cannot be found within this District then all of their

property within this District be attached in the sum of $125,920.29, with interest thereon and costs,

the sum sued for in this Complaint;

3.      That judgment may be entered in favor of plaintiff against defendant on the

First and Second Causes of Action for the amount of plaintiff's damages, $125,920.29, together with

interest and costs and the disbursements of this action; and

4.      That this Court will grant to plaintiff such other and further relief as may be

just and proper.

Dated:      New York, New York
            December 7, 2007

                                BADIAK & WILL, LLP
                                Attorneys for Plaintiff,
                                Menorah Insurance Co. Ltd.


                        By:_____
                                JAMES P. KRAUZLIS (JK-4972)

Civil Action: 07-cv-11090

# Exhibit B

# To

# Third-Party Complaint

10-08/GMV & 11-08/GMV
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
A.P. MOLLER – MAERSK A/S
80 Pine Street
New York, New York 10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Gina M. Venezia, Esq. (GV1551)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MENORAH INSURANCE CO. LTD. a/s/o
NILIT LTD.

    Plaintiff

  - against -

A.P. MOLLER-MAERSK A/S trading as
MAERSK LINE

    Defendant.

**07-cv-11090 (HB)**

**DEFENDANT'S**
**ANSWER TO COMPLAINT**

   Defendant  A.P. MOLLER – MAERSK A/S ("Maersk") by its attorneys, Freehill, Hogan

& Mahar, LLP, answering Plaintiff's Complaint, allege upon information and belief as follows:

   1.  Admits.

   2.  Denies knowledge or information sufficient to form a belief as to the allegations

of Paragraph 2 of the Complaint.

   3.  Denies knowledge or information sufficient to form a belief as to the allegations

of Paragraph 3 of the Complaint.

   4.  Admits that Defendant Maersk is a business entity organized under the laws of a

foreign country; was engaged in the business of common carriage of merchandise by water for

hire; and owned, operated or chartered the M/V NEDLLOYD COLOMBO and the M/V

MAERSK MARYLAND, but except as so specifically admitted, Defendant denies the remaining allegations of Paragraph 4.

5.      Admits that Maersk issued bill of lading number 85122643A for the carriage of a container of cargo said to contain "1 package, 119 cartons" of polyamide yarns from Haifa to Newport News, in consideration of certain freight charges and subject to the terms and conditions of the aforementioned bill of lading. Maersk denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5 of the Complaint.

6.      Denied.

7.      Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint.

8.      Maersk repeats and re-alleges all denials, admissions and denials for lack of sufficient knowledge or information contained in paragraphs 1-4 herein, as if set forth fully at length herein.

9.      Admits that Maersk issued bill of lading number 851524407A for the carriage of a container of cargo said to contain "49 cartons" of polyamide yarns from Haifa to Newport News, in consideration of certain freight charges and subject to the terms and conditions of the aforementioned bill of lading. Maersk denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9 of the Complaint.

10.     Denied.

11.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint.

12.     Defendant denies all allegations of the Complaint not heretofore specifically admitted.

13.     Defendant denies the allegations of Plaintiff's prayer.

### AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim against the Defendant upon which relief can be granted.

2.     The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.     Plaintiff is not the real party in interest or proper plaintiff to assert the claims set forth in the Complaint.

4.     The shipments described in the Complaint were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs, charters, and/or service contracts by which the shipper, owner, consignee and holders of said bills of lading are bound.  Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which the Defendant is not liable by virtue of the terms of any such applicable dock receipts, bills of lading, tariffs, charters, and/or service contracts and the Defendant is entitled to any and all defenses and rights provided for in same.

5.     The shipments described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law.  If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes

for which the Defendant is not liable by virtue of the terms of the aforementioned law and/or legislation.

6.      Any loss or damage to the goods as alleged in the Complaint was caused by or contributed to by Plaintiff and/or other third-parties, and not by the Defendant.

7.      The liability of the Defendant, if any and which is specifically denied, is limited by the applicable dock receipts, bills of lading, tariffs, charters, service contract, and/or U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other basis.

8.      Any loss or damage to the cargoes as alleged in the Complaint arose without the Defendant's actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, the Defendant cannot have any liability for such loss or damage.

9.      Plaintiff has failed to mitigate its damages.

10.      Defendant reserves the right to amend this Answer if and once additional information is obtained through discovery.

W H E R E F O R E , Defendant respectfully requests that the Complaint be dismissed with prejudice and Defendant be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action, and that Defendant be granted such other and different relief as the Court may deem just and proper.

Dated: New York, New York
      February 13, 2008

_____
Gina M. Venezia (GV1551)
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, New York 10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Attorneys for Defendant
A.P. MOLLER – MAERSK A/S

## CERTIFICATE OF SERVICE

I, GINA M. VENEZIA, certify that I am counsel of record for Defendant Maersk. On February 14, 2008, the within Answer to Plaintiff's Complaint was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Additionally, I served by email a true and correct copy of same upon the following counsel:

    James P. Krauzlis
    BADIAK & WILL, LLP
    106 Third Street
    Mineola, New York 11501-4404
    Ref: 07-Q-002-JPK and 07-Q-002-JPK
    Attorneys for Plaintiff

_____
Gina M. Venezia

Dated: 2/14/08

Civil Action: 07-cv-11090

# Exhibit C

# To

# Third-Party Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

MENORAH INSURANCE

Plaintiff(s),

-against-

A.P MOLLER

Defendant(s).

---------------------------------------------------------x

07 Civ. 11090 (HB)

**PROPOSED PRETRIAL
SCHEDULING ORDER**

APPEARANCES:

Plaintiff(s) by:  BADIAK & WILL, LLP          By: JAMES P. KRAUZLIS

Defendant(s) by:  FREEHILL, HOGAN & MAHAR, LLP  By: GINA M. VENEZIA

**HAROLD BAER, Jr., District Judge:**

Do the parties consent to proceed before a United States Magistrate for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73?

Yes ___  No ✔

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, after holding an initial pretrial conference on notice to all parties, it is hereby ordered that:

Except under circumstances agreed to by the Court:

1. **This case is added to the** NOVEMBER 2008 **Trailing Trial Calendar.** Jury ___. Non-Jury ✔. Estimated number of trial days is __3__. Counsel should not make any other commitments during this month. As a general rule, all cases will be tried within a reasonable time from the date of this pretrial conference based on the complexity of the case.

2. No additional parties may be joined after MARCH 10, 2008.

New parties shall be bound by the deadlines included in this Pretrial Scheduling Order. If new parties are joined, the party joining them shall forward to them a copy of this Pretrial Scheduling Order and provide them with access to all previously taken discovery. Should this pose a seemingly insurmountable problem, call Chambers.

3. No additional causes of action or defenses may be asserted after APRIL 10, 2008.

4. **Discovery:** All discovery, except for expert discovery, shall be commenced in time to be completed by AUGUST 8, 2008. Disclosure of expert testimony, if any, will be made at least 45 days before the agreed to trial month. Evidence intended to contradict or rebut the subject matter of the expert testimony will be submitted within 21 calendar days after the

disclosure made by the other party, subject only to further order of this Court. As the Court rarely grants extensions, any delays or disputes in the taking of discovery should be reported to the Court immediately.

If applicable, decisions with respect to disclosure and discovery of electronically stored information, along with privilege issues related to that information, shall be provided to the Court within **10 days** of this Order.

5. **Motions:** No party may make a dispositive motion returnable after AUGUST 15 2008. Either party may request (and will be given a date by Chambers) for oral argument. The above date is the date by which any motion shall be fully briefed (i.e., moving, opposition and reply papers) and a courtesy copy delivered to Chambers.

In deciding the last date to submit fully briefed motions and your agreed to trial month, keep in mind that the Court requires at least **60 days** to decide dispositive motions.

6. **Joint Pretrial Order:** A joint pretrial order shall, unless waived by the Court, be submitted by OCTOBER 10, 2008. The pretrial order shall conform to the Court's Individual Practice and Rules. Counsel may inquire of Chambers with respect to the filing date(s) for requests to charge, proposed voir dire, and motions in limine, but in no event are they to be submitted less than five (5) business days (fully briefed) before the date set for trial.

7. The law clerk assigned to this case is _Anna_, to whom all correspondence should be directed.

8. Upon request to Chambers by either side, the Court will schedule and conduct a settlement conference and/or mediation. The Court will also, upon request, facilitate mediation under the Court Mediation Program or a settlement conference before your Magistrate Judge. In the case of a mediation to be conducted by the Court, all parties must bring their respective clients to the mediation. Keep in mind, closure, for the most part, is accomplished in direct proportion to how early in the litigation the mediation occurs. Any ADR procedure must occur within the framework of this order.

9. Whenever a case is resolved, the parties must submit an Order of Discontinuance, signed by all parties before the case will be removed from the trial calendar. When the parties settle within forty-eight hours of trial or the filing of a dispositive motion, they must notify the Court immediately of such settlement, and fax to the Court no less than thirty-six hours prior to their planned appearance, an Order of Discontinuance (copy attached), signed by all parties.

10. The parties' signatures below represent their understanding and agreement that this schedule is final and binding upon them unless the Court concludes that extraordinary circumstances warrant an extension with respect to one or more than one of the scheduled dates.

BROIKA & WILE, LLP

By: _____

For Plaintiff                                    For Defendant
JAMES A KOHWLES

FREEHILL HOGAN & MAHAR, LLP

By: _____

GINA M. VENEZIA

For Defendant                                   For Plaintiff


SO ORDERED.

DATED:        New York, New York

              2/7/08

HAROLD BAER, JR.
United States District Judge


Rev. 2/07

## CERTIFICATE OF SERVICE

I, GINA M. VENEZIA, certify that I am counsel of record for Defendant Maersk.  On February 14, 2008, I served by email a true and correct copy of the Third-Party Complaint upon the following counsel:

> James P. Krauzlis
> BADIAK & WILL, LLP
> 106 Third Street
> Mineola, New York 11501-4404
> Ref:  07-Q-002-JPK and 07-Q-002-JPK
> Attorneys for Plaintiff

_____
Gina M. Venezia

Dated:  2/14/08